UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVELERS CASUALTY
AND SURETY COMPANY,

        Plaintiff,

vs.

P.R.S. CONTRACTING, INC.,
JOSEPH PRZYGODA and
JEAN PRZYGODA,

        Defendants.
_____/

Civil Action No.
04-CV-75089-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on plaintiff's motion for summary judgment. Defendants have filed a response brief, plaintiff has filed a reply, and defendants have filed a supplemental response brief. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument. Accordingly, the hearing scheduled for June 21, 2006, is canceled.

The following facts are not in dispute. Defendant P.R.S. Contracting, Inc. ("PRS") served as the general contractor on eleven construction projects in Ohio and Michigan. Defendant Joseph Przygoda was the president of PRS, and defendant Jean Przygoda is Joseph's wife. Travelers Casualty and Surety Company ("Travelers") issued payment and performance bonds in favor of PRS, and the Przygodas signed as indemnitors. In the midst of the construction projects, PRS went out of business and Travelers paid over $3 million under the bonds. Travelers has brought this action to recoup these losses from defendants under the indemnity agreements. In the instant

motion, which is directed at the Przygodas,[1] Travelers seeks summary judgment of liability and damages as to ten of the projects and summary judgment of liability as to the eleventh.

The liability of both of the individual defendants is clear.  In response to discovery requests, both defendants have acknowledged that they signed the indemnity agreements in question. In response to plaintiff's summary judgment motion, defendant Joseph Przygoda has offered no resistence to the claim that he is liable as an indemnitor.  Defendant Jean Przygoda's only argument on this point is that she escapes liability because Travelers failed to ascertain her husband's creditworthiness before requiring her signature, in violation of Regulation B of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.* and 12 C.F.R. § 202.7(d)(1).  The court rejects this argument for the reasons stated in *Ulico Casualty Co. v. Superior Mgmt. Servs.,* Inc., 89 Fed.Appx. 278 (D.C. Cir. 2004); *Capitol Indem. Corp. v. Aulakh*, 313 F.3d 200 (4th Cir. 2002); *The Cincinnati Ins. Co. v. Smigiel*, 1997 U.S. Dist. LEXIS 6694 (E.D. Mich. Mar. 20, 1997); and *Universal Bonding Ins. v. Esko & Young, Inc.*, 1991 WL 30049 (N.D. Ill. Feb. 28, 1991).  Simply stated, the ECOA regulates the extension of credit, and no extension of credit is involved in the issuance of payment and performance bonds.  Therefore, the court shall grant summary judgment for plaintiff on the issue of liability as to both of the individual indemnitors.

The court denies plaintiff's motion on the issue of damages.  Plaintiff itself indicates that damages relating to the Kensington project (the single largest project for which plaintiff paid over $1.5 million) should be determined at a separate hearing.  Significant factual disputes prevent the court from deciding the remaining damages issues as well.  Defendants have submitted evidence

---

[1] A default judgment has already been entered against PRS in the amount of $2,847,764.17.

from which a jury could conclude that Travelers failed to mitigate damages by, for example, significantly overpaying various subcontractors and failing to complete the Kensington project.[2] Defendants also note significant discrepancies between the amounts plaintiff claims to have paid subcontractors and the amounts shown in the supporting spreadsheets. Further discrepancies exist between the amounts plaintiff claims to have recovered in contract balances and the corresponding amounts shown in the spreadsheets. Additionally, plaintiff has not shown how it arrived at the $201,018 it claims to have incurred in "costs, expenses, consulting fees and attorney fees." These disputes, contradictions and gaps in the evidence cannot be resolved on summary judgment. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is granted as to both of the individual defendants on the issue of liability but denied on the issue of damages.


Dated: June 19, 2006
       Detroit, Michigan

_____s/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
       Patricia Foster Hommel
   Secretary to Chief Judge Friedman

---

[2] The Kensington issue illustrates the magnitude of the dispute. Plaintiff claims to have lost over $1.5 million on this project, although the project was never completed. *See* Nimmich Aff. ¶ 4. By contrast, defendants have submitted evidence indicating that Travelers could have completed this project for $696,000, and that it would have realized a profit of $404,000 if it had done so. *See* Morrow Aff. ¶¶ 6, 7.